THE PEOPLE v. ARANDA.

APPEAL from the District Court of Humacao.

No. 65.—Decided May 8, 1907.

COMPLAINT—REQUIREMENTS—PLACE IN WHICH CRIME IS COMMITTED.—The formalities for the drawing of complaints are much less strict than those required for an information, and where in a complaint the place where the crime was committed is not specified, but it is stated that it was committed within the judicial district of the municipal court in which the complaint is filed, it will be sufficient, although it would be a better practice to specify the exact place in which the crime was committed.

COMPLAINT NOT TO BE SIGNED BY FISCAL.—Although it is necessary that an information be signed by the *fiscal,* there is no provision whatever requiring this formality with respect to complaints, which may be brought under a sworn affidavit of the complainant or of the officer arresting the defendant.

ASSAULT AND BATTERY WITH AGGRAVATED CIRCUMSTANCES—TREACHERY.—The act of the accused in discharging three shots from his revolver at the complainant is sufficient to warrant the crime being classified as assault and battery with aggravated circumstances, and the existence or absence of treachery on the part of the accused has nothing to do with the classification of the crime or the imposition of the punishment.

The facts are stated in the opinion.

*Mr. López Landrón* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

In the Municipal District of Caguas the following complaint was filed against José Aranda Massó:

"In the city of Caguas on the 25th of November, 1906, before me, Pedro Vergne de la Concha, Municipal Judge, there appeared Rafael San Millan, lieutenant of Insular Police, a resident of Caguas and after being duly sworn—said: That he files this complaint in the name of

The People of Porto Rico, against José Aranda Massó, a resident of the barrio of ——— for the crime of assault committed on the 26th of November in the judicial district of this court, in the following manner: That the accused at about 10:45 p. m., of the previous night, treacherously committed upon the citizen Gerardo Maiti, an assault, firing three shots at him with a revolver. The following are witnesses of this act: Clemente Aponte, Josefa Maiti, and Nicolasa Bruno and Carmen Maiti. Rafael San Millan, lieutenant Insular Police. Sworn, and subscribed to before me this 26th day of November, 1906.—Molina, Justice of the Peace.''

The case was appealed to the District Court of Humacao, and before the proof was presented the attorney of the defendant presented a motion to the court asking that the case be dismissed because it did not appear that the act complained of was commited in the jurisdiction of the court of Caguas. This motion was overruled by the court. It would be better practice if a complaint should specify the exact place where the crime was committed, especially as the jurisdiction of the municipal court located at Caguas includes both Caguas and Aguas Buenas by virtue of the Judiciary Act of March 10, 1904.

However, section 82 of the Code of Criminal Procedure, and paragraph 4 discloses that an information is sufficient if it can be understood therefrom that the offense was committed at some place within the jurisdiction of the court. Less particularity, even, is necessary for a complaint than for an information, and it would be straining a point to dismiss a case where the former shows that the offense was committed within the judicial district of such municipal court. The action of the district court in dismissing the motion was properly taken. Thereafter the attorney for the defendant on another motion asked that the court dismiss the case because of the form and validity of the complaint. This motion was overruled by the court, and after the trial the defendant was sentenced to a year and a half in jail, and to the payment of a fine of $300 and the costs.

On appeal to this court the attorney for the appellant, alleges as error in addition to the fact that his first motion was overruled, that the complaint did not set forth clearly and distinctly the particular treachery (*alevosía*) of which the act consisted.

We agree with the *fiscal* that the fact whether the act was done with or without treachery does not influence the classification of the crime nor the imposition of the punishment, and that the act of the accused in firing three shots from his revolver was sufficient to qualify the crime as an aggravated assault.

Another objection made by the appellant is that the complaint was not signed by the district attorney. While this is made a requisite for informations, there is no law requiring such step to be taken with respect to a complaint.

Section 22 of the Code of Criminal Procedure, as amended by Act of March 12, 1903, shows that among other things, a complaint may be made by the affidavit of a complaining witness or the authority or officer by whom the arrest of the offending party was made, as was done in the case at bar.

None of the facts of the trial have been presented to this court by way of bill of exceptions, and we find no error in the record, and the judgment of the district court must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.